**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BUDDY STRUCKMAN, <br> Plaintiff, <br><br> vs. <br><br> HAMILTON COUNTY <br> PROSECUTOR, et al., <br> Defendants. | Case No. 1:17-cv-772 <br> Barrett, J. <br> Litkovitz, M.J. <br><br><br> **REPORT AND <br> RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se civil action against the Hamilton County Prosecutor and David Hamilton McIlwain, an assistant Hamilton County prosecutor. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges that during a court proceeding on September 20, 2016 in Hamilton County Case No. B 1502231, he was "slandered . . . in relation to his religious beliefs." (Doc. 1-2 at 2). He alleges that defendant McIlwain made false and fabricated statements to attack plaintiff's religious beliefs and stated that plaintiff's religious beliefs made him a threat to society. Plaintiff alleges that "[v]erbal slander and reports by co defendant were dismissed by the presiding judge as having nothing to do with the case." (Doc. 1-2 at 3). Plaintiff also alleges that defendant McIlwain "falsified information against the plaintiff through religious slander with which attempted to create government interference to persecute the plaintiffs Freedom of Religion." (*Id.*). Plaintiff alleges that defendant McIlwain's actions have caused him harm and he seeks $2 million in damages. (Doc. 12 at 3).

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*,

3

519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and the named defendants are domiciled in Ohio. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Second, plaintiff's complaint seeks relief from defendants who are immune from such relief or fails to state a claim upon which relief may be granted. Plaintiff's complaint against defendant McIlwain must be dismissed because it seeks relief from a defendant who is immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'"[1] *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury is protected by absolute immunity. *See Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2004). *See*

---

[1] The Court notes that Case No. B 1502231 referenced in plaintiff's complaint is a criminal action pending against plaintiff in the Hamilton County Court of Common Pleas. *See State of Ohio v. Struckman*, Case No. B 1502231 (found at: https://courtclerk.org/data/case_summary.asp?sec=history&casenumber=B%201502231). "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

*also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n. 3 (1993). Likewise, "prosecutors do not forfeit their absolute immunity when they knowingly make false statements while advocating before the court." *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 725–26 (6th Cir. 2011) (citing *Burns v. Reed*, 500 U.S. 478, 489-90 (1991) ("Like witnesses, prosecutors and other lawyers were absolutely immune from damages liability at common law for making false or defamatory statements in judicial proceedings (at least so long as the statements were related to the proceeding), and also for eliciting false and defamatory testimony from witnesses."). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

Plaintiff's claim that defendant McIlwain made false or fabricated statements during court proceedings is barred by absolute immunity. *Imbler*, 424 U.S. at 430. Defendant McIlwain's alleged conduct falls squarely under the prosecutorial absolute immunity recognized in *Imbler* and *Pittman*. Therefore, defendant McIlwain is immune from a civil suit for damages under § 1983.

To the extent plaintiff alleges that the Hamilton County Prosecutor violated his rights, plaintiff's complaint fails to state a claim for relief. Plaintiff's complaint against the Hamilton County Prosecutor is in reality an official capacity suit against Hamilton County, the entity of which the defendant is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held

liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000), citing *Monell*, 436 U.S. at 694. To state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the county. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Counties and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that Hamilton County violated his constitutional rights pursuant to a policy or custom of the County. In the absence of such allegations, plaintiff has failed to state an actionable claim for relief based on the theory of municipal liability. *See Monell*, 436 U.S. at 693-94.

Finally, the complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's federal rights. *Iqbal*, 556 U.S. at 678. Accordingly, plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/17/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUDDY STRUCKMAN,
Plaintiff,

vs.

HAMILTON COUNTY
PROSECUTOR, et al.,
Defendants.

Case No. 1:17-cv-772
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).